WILLIAM KINNEY, appellant, *v.* THOMAS COOK, appellee.

*Appeal from St. Clair.*

The presumption of law in this State is in favor of liberty; and every person is supposed to be free, without regard to color.

THIS was an action of *assumpsit*, brought by Thomas Cook against William Kinney, in the St. Clair Circuit Court, to recover a compensation for labor and services performed for the defendant. The declaration is in the usual form. The defendant pleaded *non assumpsit*, and a setoff for board, washing, and clothing, goods, wares, and merchandise, sold and delivered to him.

At the August term, 1840, the Hon. Sidney Breese presiding, the cause was heard before a jury, and the defendant moved to instruct the jury as in case of a nonsuit. The Court overruled this motion, and the defendant excepted. A verdict was rendered for the plaintiff for $285 damages, and judgment was entered upon this verdict. The defendant appealed to this Court.

The bill of exceptions shows, that on cross examination of the plaintiff's witness, it appeared in proof that the plaintiff was a negro, and was retained by the defendant as a slave, during the time stated in the declaration, although there was no proof that he was a slave. The plaintiff having proved the services, rested his cause, without having adduced any testimony whatever of his free-

dom, either by certificate or otherwise; whereupon the defendant's counsel moved the Court to instruct the jury as in case of a nonsuit; which motion was denied, and the defendant excepted.

JAMES SHIELDS, for the appellant.

LYMAN TRUMBULL, for the appellee.

SMITH, Justice, delivered the opinion of the (old) Court: (1)

The only question for consideration in this case arises out of the refusal of the Circuit Court to give the instructions asked on the trial, by the counsel of the defendant.

It appears from the bill of exceptions, that it was shown on the trial, that the plaintiff below is a negro, and that the defendant, for whom the work and labor had been performed, and for which compensation was claimed, pretended to hold such plaintiff as a slave, during the time stated in the declaration; but there was no evidence adduced, tending to show, or showing that he was such slave. The plaintiff having proved the services alleged to have been rendered, rested his case; whereupon the defendant's counsel moved the Circuit Court to instruct the jury, as in case of a nonsuit; which instructions were refused, and exceptions taken. Such refusal is now assigned for error. We perceive no error in the refusal to give the instructions asked.

With us the presumption is in favor of liberty; and the mere claim of the defendant to hold the plaintiff as a slave, and the fact of his having resided with the defendant during the time when the services were rendered, devolved no legal necessity on the plaintiff to prove his freedom. If the plaintiff was the slave, or indentured servant of the defendant, of one of the classes recognised by our Constitution and laws, he should have pleaded such matter in abatement of the suit, or in bar of the plaintiff's right of recovery. But there could have been, under the state of the proof in the cause, no principle of evidence by which the judge would have been justified in advising the jury to find a verdict, as in the case of a nonsuit.

The rule, in some or most of the slaveholding States, from considerations of public policy, is undoubtedly that the *onus probandi*, in such cases, lies with the party asserting his freedom. This rule, however, it is conceived is founded in injustice. It is contrary to one of the fundamental principles upon which our Government is founded: and is repugnant to, and subversive of, natural right; nor can there be, in my judgment, sufficient grounds of public policy, to justify a departure from the well settled rules of evidence governing all other cases, and adopting one which inverts a rule drawn from the principles of natural justice. The

(1) This cause was decided at the last December term, but the opinion was not delivered till this term.

arbitrary character of such a rule is repugnant to moral sense, and a violation of the fundamental principles of evidence, which requires him, who asserts a right, to produce the evidence upon which he seeks to maintain his claim. If this rule is inflexibly adhered to in other cases, why should a departure be justified in cases involving the right of personal liability? The proposition cannot be maintained, upon any rational principle; nor can considerations of public policy exist to sustain it.

I am of opinion the judgment should be affirmed with costs.

*Judgment affirmed.*